# EXHIBIT A

Filing # 116224443 E-Filed 11/05/2020 02:52:01 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

THOMAS COLE,

        Plaintiff,

v.                                    CASE NO.:

AUTOZONERS, LLC,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS COLE, by and through undersigned counsel, brings this action against Defendant, AUTOZONERS, LLC, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.      Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3.      Plaintiff is a resident of Pinellas County, Florida.

4.      Defendant operates an automotive parts and accessories retail store in Oldsmar, in Pinellas County, Florida.

### GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

10.     Plaintiff began working for Defendant in November 2015 as a Parts Sales Manager, and he worked in this capacity until July 3, 2019.

11.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

12.     Specifically, Plaintiff has a partially amputated leg.

13.     Plaintiff continues to suffer from the aforementioned physical condition.

14.     At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

15.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the FCRA.

16.     Defendant was aware of Plaintiff's disability from the inception of his employment with Defendant.

17.     Specifically, Defendant's management regularly referred to Plaintiff as "slow" or a "gimp", spoke negatively about him to clients and employees, stated he was a "burden", and treated him as a scapegoat for issues unrelated to Plaintiff's job performance.

2

18.     Defendant treated Plaintiff in a disparate manner when compared to non-disabled employees for the duration of his employment.

19.     Defendant subjected Plaintiff to corrective actions for behaviors engaged in by Plaintiff and non-disabled employees, non-disabled employees did not receive corrective actions for the same or substantially similar behaviors.

20.     Further, Defendant never provided Plaintiff with required training, which was readily provided to non-disabled employees.

21.     On or about July 3, 2019, Defendant terminated Plaintiff's employment for a pretextual reason.

22.     Defendant terminated Plaintiff's employment based on his disability.

## COUNT I – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

23.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24.     Plaintiff is a member of a protected class under the FCRA.

25.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

26.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

27.     Defendant's actions were willful and done with malice.

28.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

3

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter an injunction restraining continued violation of the FCRA;

d)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)   Prejudgment interest on all monetary recovery obtained.

j)   All costs and attorney's fees incurred in prosecuting these claims; and

k)   For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of November, 2020.

/s/Brianna A. Jordan
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
E-mail: bjordan@forthepeople.com
*Attorney for Plaintiff*

4